**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH**

**CENTRAL DIVISION**

| | |
|---|---|
| **ROY D. TAYLOR,** | **REPORT AND RECOMMENDATION** |
| Plaintiff, | |
| v. | **Case No. 2:16-cv-961-CW-PMW** |
| **BRANDON RUSSELL and PAUL SCOTT,** | **District Judge Clark Waddoups** |
| Defendants. | **Chief Magistrate Judge Paul M. Warner** |

**INTRODUCTION**

District Judge Clark Waddoups referred this case to Chief Magistrate Judge Paul M. Warner pursuant to 28 U.S.C. § 636(b)(1)(B).[1] On December 1, 2017, the court granted Roy D. Taylor's ("Plaintiff") application for leave to proceed *in forma pauperis* and waived the prepayment of filing fees pursuant to 28 U.S.C. § 1915 ("IFP Statute").[2] Accordingly, the court will screen Plaintiff's action as required under the IFP Statute. *See, e.g.*, *Lister v. Dep't of the Treasury*, 408 F.3d 1309, 1312 (10th Cir. 2005). In addition, because Plaintiff proceeds pro se in this case, the court will construe his pleadings liberally. *See, e.g.*, *Ledbetter v. City of Topeka*, 318 F.3d 1183, 1187 (10th Cir. 2003).

---

[1] *See* docket no. 15.

[2] *See* docket no. 5.

In addition, on November 21, 2016, Judge Waddoups issued an Order and Memorandum Decision detailing the deficiencies with Plaintiff's original complaint and instructing him to file an amended complaint to cure said deficiencies.[3] On December 7, 2016, Plaintiff filed his amended complaint.[4] Based on this court's review of Plaintiff's amended complaint, Plaintiff failed to cure the deficiencies outlined in the Order and Memorandum Decision. As such, this court recommends that Plaintiff's action be dismissed as set forth below.

## BACKGROUND

The following facts are taken from Plaintiff's amended complaint, as well as from the record in state court.[5] Plaintiff alleges that Detectives Brandon Russell and Paul Scott (collectively, "Defendants") of the Heber City Police Department violated his constitutional rights during a traffic stop on October 21, 2014.[6] Specifically, Plaintiff asserts that Detective Scott pulled him over for following the car in front of him too closely.[7] Detective Russell arrived to assist with the stop and asked for consent to search Plaintiff's vehicle.[8] Plaintiff alleges that

---

[3] *See* docket no. 7.

[4] *See* docket no. 11.

[5] Courts may take judicial notice of publicly filed records in other courts if the proceedings relate to the case at hand. *See United States v. Ahidley*, 486 F.3d 1184, 1192 n.5 (10th Cir. 2007); *St. Louis Baptist Temple v. Fed. Deposit Ins. Corp.*, 605 F.2d 1169, 1172 (10th Cir. 1979) ("[F]ederal courts, in appropriate circumstances, may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue."); *see also* Fed. R. Evid. 201(b) ("The court may judicially notice a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.").

[6] *See* docket no. 11 at 4-5.

[7] *See id.* at 2.

[8] *See id.* at 4.

Detective Russell, aided by Detective Scott, searched Plaintiff's vehicle without his consent and without having Plaintiff sign a consent form.[9] Plaintiff contends that he has been wrongly incarcerated as a result of Defendants' actions.[10]

The State of Utah charged Plaintiff with possession or use of a controlled substance with intent to distribute under Utah Code section 58-37-8(2)(a)(i) and possession of drug paraphernalia under Utah Code section 58-37a-5(1). *See State v. Taylor*, 402 P.3d 790, 791 (Utah Ct. App. 2017). Defendants' search of Plaintiff's vehicle "uncovered a glass pipe with residue and burn marks, a box of clear plastic bags, and a digital scale. . . . [and Defendants] later discovered that [Plaintiff] had stashed a bag of methamphetamine in the police car." *Id.* at 791. Plaintiff moved the trial court judge to suppress the evidence uncovered during the search by claiming that Detective Scott did not have reasonable suspicion for the stop and, alternatively, that the detention exceeded the permissible scope of the stop. *See id.* at 791-92. The trial court judge denied the motion to suppress, and a jury found Plaintiff guilty as charged. *See id.* at 792.

In his appeal, Plaintiff admitted that that he consented to the search of his vehicle. As the Utah Court of Appeals explained, "In his opening brief Taylor concedes this point, acknowledging that Officer Scott finished the records check '[a]t some point after the other narcotics officer had obtained consent.'" *Id.* at 794 n.3. As such, the Utah Court of Appeals determined that "[t]he trial court . . . correctly concluded that the duration of the stop was reasonable and the police did not measurably extend it—Taylor consented to the search before the original purpose of the traffic stop was complete." *Id.* at 794. Even in his memorandum in

---

[9] *See id.* at 4.

[10] *See id.* at 5.

support of his motion to suppress before the trial court, Plaintiff stated, "Detective Russel [sic] asked for Mr. Taylor's consent to search his vehicle, and consent was given."[11]

## LEGAL STANDARDS

Whenever the court authorizes a party to proceed without payment of fees under the IFP Statute, it must "dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii). In determining whether a complaint fails to state a claim for relief under the IFP Statute, the court employs the same standard used for analyzing motions to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See Kay v. Bemis*, 500 F.3d 1214, 1217-18 (10th Cir. 2007). Under that standard, courts "look for plausibility in th[e] complaint." *Id.* at 1218 (quotations and citations omitted) (alteration in original). In particular, courts "look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief. Rather than adjudging whether a claim is 'improbable,' '[f]actual allegations [in a complaint] must be enough to raise a right to relief above the speculative level.'" *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007)) (other quotations and citation omitted) (alterations in original).

In undertaking that analysis, the court is mindful that Plaintiff proceeds pro se and that "[a] pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991); *see also, e.g.*, *Ledbetter*, 318 F.3d at 1187. At the same time, however, it is not "the proper function of the district court to assume the role of advocate for the pro se litigant," *Hall*, 935 F.2d

---

[11] *State v. Taylor*, No. 141500331, Def.'s Mem. Supp. Mot. Suppress, p. 3 (filed Jan. 16, 2015).

at 1110, and the court "will not supply additional facts, nor will [it] construct a legal theory for [a pro se] plaintiff that assumes facts that have not been pleaded." *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989) (per curiam). Further,

> [t]he broad reading of [a pro se] plaintiff's complaint does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based. . . . [C]onclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based. This is so because a pro se plaintiff requires no special legal training to recount the facts surrounding his alleged injury, and he must provide such facts if the court is to determine whether he makes out a claim on which relief can be granted. Moreover, in analyzing the sufficiency of the plaintiff's complaint, the court need accept as true only the plaintiff's well-pleaded factual contentions, not his conclusory allegations.

*Hall*, 935 F.2d at 1110 (citations omitted).

With the foregoing standards in mind, the court will now address the sufficiency of Plaintiff's amended complaint under the IFP Statute.

### **ANALYSIS**

Plaintiff filed this action pursuant to 42 U.S.C. § 1983 alleging Defendants violated his rights under the Fourth, Eighth, and Fourteenth Amendments to the United States Constitution. Actions brought under 42 U.S.C. § 1983 that "impugn the validity of a plaintiff's underlying conviction cannot be maintained unless the conviction has been reversed on direct appeal or impaired by collateral proceedings." *Nichols v. Baer*, 315 F. App'x 738, 739 (10th Cir. 2009) (unpublished) (citing *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994)).

In *Heck v. Humphrey*, the United States Supreme Court clarified that "civil tort actions are not appropriate vehicles for challenging the validity of outstanding criminal judgments." 512 U.S. at 486. "The purpose behind *Heck* is to prevent litigants from using a § 1983 action, with its

5

more lenient pleading rules, to challenge their conviction or sentence without complying with the more stringent exhaustion requirements for habeas actions." *Butler v. Compton*, 482 F.3d 1277, 1279 (10th Cir. 2007). "The starting point for the application of *Heck* then is the existence of an underlying conviction or sentence that is tied to the conduct alleged in the § 1983 action." *Id.*

Plaintiff's assertion that Defendants violated his constitutional rights would cast doubt upon Plaintiff's underlying conviction because the evidence discovered in the allegedly unconstitutional search was the sole basis for Plaintiff's charges and eventual conviction. *See Johnson v. Pottawotomie Tribal Police Dept.*, 411 F. App'x 195, 198-99 (10th Cir. 2011) (concluding the plaintiff's allegations of illegal arrest and search "would necessarily imply the invalidity of his sentence because it would have been based upon evidence gathered during an illegal arrest and thus would have to be suppressed. . . . [This] claim is precisely the type that *Heck* mandates should be pursued through a petition for habeas corpus and not a § 1983 complaint"). In other words, a judgment in favor of Plaintiff "would unavoidably imply that the conviction or sentence is invalid." *Heck*, 512 at 487.

Thus, Plaintiff's action "must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Id.* Plaintiff was previously given an opportunity to amend his complaint to demonstrate that his conviction has been invalidated; Plaintiff, however, has failed to so demonstrate. Furthermore, the state-court record reveals that Plaintiff's conviction and sentence have not been invalidated. As such, Plaintiff's amended complaint fails to state a claim upon which relief may be granted and should be dismissed. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

## RECOMMENDATION

Based on the foregoing, this court recommends that Plaintiff's amended complaint be **DISMISSED**.

Copies of this Report and Recommendation are being sent to Plaintiff, who is hereby notified of his right to object. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Plaintiff must file any objection to this Report and Recommendation within fourteen (14) days after being served with a copy of it. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Failure to object may constitute waiver of objections upon subsequent review.

DATED this 2nd day of August, 2018.

BY THE COURT:

PAUL M. WARNER
Chief United States Magistrate Judge