IN THE UNITED STATES DISTRICT COURT

THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| ROY DEAN TAYLOR,<br><br>Plaintiff,<br>v.<br><br>BRANDON RUSSELL and PAUL SCOTT<br><br>Defendants. | **MEMORANDUM DECISION & ORDER**<br><br>Case No. 2:16-cv-961<br><br>Judge Clark Waddoups |

Plaintiff Roy Dean Taylor, proceeding pro se, brings this civil rights action against Brandon Russell and Paul Scott, the officers who conducted the traffic stop that led to his Utah State Court conviction. (ECF No. 11.) The United States District Court Judge Clark Waddoups is the presiding judge in this matter and has referred it to United States Magistrate Judge Paul Warner under 28 U.S.C. § 636(b)(1)(B). (ECF No. 15.) The matter is before the court on a Report and Recommendation from Magistrate Judge Warner, dated August 2, 2018, in which he recommends that this court dismiss Plaintiff's action. (R&R, ECF No. 22.) The Report and Recommendation is incorporated by reference. *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b). The court also notes that there are two pending motions in this action that are not subject to Magistrate Judge Warner's Recommendation. The court addresses all pending matters herein.

### Recommendation of Dismissal

One hundred and thirty-seven days have passed since Magistrate Judge Warner entered his recommendation, and it remains unopposed.[1] *See* Fed. R. Civ. P. 72(b)(2) (permitting a party,

---

[1] Mr. Taylor filed a Motion to Amend 1983 complaint on October 1, 2018. (ECF No. 24.) Even if the court were to liberally construe the Motion to Amend as an objection to Magistrate Judge Warner's Report and Recommendation, it was not timely filed.

within fourteen days of being served, to file written objections). Therefore, the court "may review [his] report under any standard it deems appropriate." *Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991). Because Mr. Taylor is proceeding pro se, the court must liberally construe his pleadings, *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972), but it cannot advocate for him, *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

After careful review of the record, applying a de novo standard of review, the court AFFIRMS and ADOPTS Magistrate Judge Warner's recommendation that Mr. Taylor's complaint be dismissed.[2] This action is barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), as it challenges the validity of Mr. Taylor's conviction while the conviction stands undisrupted by direct appeal or collateral challenge. Because *Heck* is not, however, a jurisdictional bar, *Jiron v. City of Lakewood*, 392 F.3d 410, 413 n.1 (10th Cir. 2004), the court proceeds to address the remaining motions.

## Motion to Amend[3]

On October 1, 2018, Mr. Taylor filed a Motion to Amend. (ECF No. 24.) The Motion makes the bald statement that the Amended Complaint "is not barred by Heck." And the court concludes on its own review that there is no way for Mr. Taylor to avoid *Heck* as long as he seeks to challenge the circumstances of the search of his vehicle. The Motion also refers to the Honorable Judge David Nuffer's denial of his Motion to Consolidate in another case, 2:15-cv-343. Mr. Taylor does not explain the relationship between the Motion to Consolidate and his

---

[2] Mr. Taylor has filed two Amended Complaints in this action. One dated December 7, 2016, is properly before the court. (ECF No. 15.) It was timely filed with leave of the court. (ECF No. 7.) The second Amended Complaint, dated April 19, 2018, is not properly before the court. (ECF NO. 18.) It was not properly filed as a matter of course, *see* Fed. R. Civ. P. 15(a)(1), nor was it filed with consent or the court's leave, *see id.* 15(a)(2). Therefore, the court considers the adequacy of the December 7 Amended Complaint.

[3] Although technically speaking Mr. Dean's pending Motion to Amend and Motion for Preliminary Injunction are rendered moot

2

Motion to Amend. Further, it is not the role of this court to review another district court's decision. Therefore, the court concludes that Mr. Taylor has presented no basis for amendment. *See* Fed. R. Civ. P. 15(a) (instructing the court to "freely give[]" leave "when justice so requires"); *see also Bylin v. Billings*, 568 F.3d 1224, 1229 (10th Cir. 2009) (quoting *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993)) ("'Refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment.'"). And it DENIES his Motion to Amend.

## Motion for Preliminary Injunction

Finally, on July 16, 2018, Mr. Taylor filed a Motion for Preliminary Injunction in which he asks the court to instruct those charged with his medical care to provide certain treatments. (ECF No. 21.) The caption lists the defendant as the State of Utah, but the State of Utah has never been named as a defendant in this case. Further, the Motion appears to seek the same or substantially similar relief as Mr. Taylor requested in his prior Motion for Temporary Restraining Order, which the court denied on July 12, 2018. (ECF No. 20.) Any differences between the Motion for Preliminary Injunction and the Motion for Temporary Restraining Order are immaterial—there is no defendant over whom this court now has jurisdiction who could provide Mr. Taylor the relief he seeks. To the extent Mr. Taylor believes he has a claim for relief related to his medical care in custody, his remedy is to file a separate action naming the appropriate defendants and alleging facts demonstrating his claim. Therefore, the court now DENIES Mr. Taylor's Motion for Preliminary Injunction for the reasons it stated in the July 12, 2018 Order on the Motion for Temporary Restraining Order.

## Conclusion

For the reasons stated herein, the court DENIES Mr. Taylor leave to amend (ECF No. 24) and DENIES his Motion for Preliminary Injunctions. The court also ADOPTS and AFFIRMS Magistrate Judge Warner's Report and Recommendation and DISMISSES this action with prejudice.

DATED this 19th day of December, 2018.

BY THE COURT:

_____
Clark Waddoups
United States District Court Judge